# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

---

**ELIZABETH BLAIR GRAVES by and**
**through her Mother LETICA VAILES**

      **Plaintiff,**

**V.**                                   **Civil Action No. 12-cv-01185-JDB-egb**
                                                   **Jury Demanded**

**QUALITEST PHARMACEUTICALS,**
**ENDO PHARMACEUTICALS a/k/a ENDO**
**PHARMACEUTICALS VALERA INC.,**
**SUPER D DRUGS ACQUISITION CO., a/k/a**
**SUPER D PHARMACY a/k/a SUPER D**
**EXPRESS RX, RACHAEL BOYLAN,**
**SONYA DEAKINS and JOHN DOE**
**PACKAGING CO.**

      **Defendants**

---

## REPORT AND RECOMMENDATION

Before the Magistrate Judge for a report and recommendation is the issue of whether Defendants Boylan and Deakins were fraudulently joined in this matter. [D.E. 21]. If Defendants Boylan and Deakins were fraudulently joined, this Court has subject matter jurisdiction of the case. However, if fraudulent joinder is not found, the case must be remanded to state court.

### Background

Plaintiff, Elizabeth Blair Graves, by and through her mother Letica Vailes, filed a civil action in state circuit court against Defendants, Vintage Pharmaceuticals, LLC d/b/a Qualitest Pharmaceuticals, Endo Pharmaceuticals Inc., Super D Drugs Acquisitions Co. a/k/a Super D Express Rx, Rachael Boylan, Sonya Deakins, and John Doe Packaging Co., seeking damages arising from the purchase of an oral contraceptive product that was subject to a recall. On August

16, 2012 Defendants filed a notice of removal, removing this lawsuit to federal court. [D.E. 1].

Vintage and Endo claim diversity jurisdiction as the basis for removal, arguing that Defendants

Rachael Boylan and Sonya Deakins were fraudulently joined by Plaintiff, Elizabeth Blair

Graves, in an attempt to defeat complete diversity. On October 24, 2012, the Court ordered

supplemental briefing on this issue to which all parties have responded. (D.E. 17, 18, 19, 20).

Applicable Law

Defendants allege that this Court has subject matter jurisdiction on the basis of diversity.

In order to establish the Court's jurisdiction on this basis, Defendants must show that: (1) the

amount in controversy exceeds $75,000, and (2) the parties are completely diverse. See 28

U.S.C. § 1332(a).

Complete diversity requires all parties joined to be citizens of different states, which is

determined at the time of the filing of the lawsuit. *Curry v. U.S. Bulk Transport, Inc*., 462 F.3d

536, 540 (6th Cir. 2006). A lack of complete diversity defeats removal. If, however, a defendant

can demonstrate the plaintiff has fraudulently joined a non-diverse party, such fraudulent joinder

will not defeat removal. *Jerome-Duncan*, 176 F3rd at 907. *See also Coyne v Am. Tobacco Co*,

183 F. 3d 488, 493 (6th Cir. 1999) ("fraudulent joinder of non-diverse defendants will not defeat

removal on diversity grounds").

The removing party bears the burden of demonstrating federal jurisdiction, and all doubts

should be resolved against removal. *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

This "presumption in favor of remand is necessary because if a federal court reaches the merits

of a pending motion in a removed case where subject matter jurisdiction may be lacking it

deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Univ. of So. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).

The party removing the case must establish that the joinder was a subterfuge. *Alexander v. Electronic Data Sys. Corp*, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493 (citing *Alexander*, 13 F.3d at 949). "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander*, 13 F.3d at 949 (*quoting Bobby Jones Garden Apartments, Inc. v Suleski*, 391 F.2d 172, 176 (5th Cir. 1968). If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then remand is appropriate.

A court deciding whether removal is proper must do so according to the Plaintiff's pleadings at the time of the petition for removal. *Pullman Co. v Jenkins*, 305 U.S. 534, 537; 59 S.Ct. 347; 83 L.Ed. 334 (1939).

"Tennessee follows a liberal notice pleading standard, which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court"(citation omitted)). *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011).  Additionally, "[a]ny disputed questions and fact ambiguities in the controlling state law should be resolved in favor of the nonremoving party." *Alexander v. Elec. Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)

<u>Analysis</u>

In this case, the only non-diverse Defendants are individual pharmacists, Rachael Boylan and Sonya Deakins (the "Pharmacists"), as at the time of the filing of this lawsuit Defendant Super D Drugs Acquisition Co. a/k/a Super D Pharmacy a/k/a Super D Express ("Super D") was a citizen of Arkansas, not Tennessee.

Plaintiff alleges that the oral contraceptive product ingested by Ms. Graves was subject to a recall. Compl. ¶ 2. Plaintiff further alleges that "correspondence from Qualitest Pharmaceuticals to retail pharmacies encouraged them to contact consumers who have received the product and notify them of the error." *Id*. ¶ 7. Plaintiff alleges that the Pharmacists are employed by Super D and each "had a duty to notify and warn the plaintiff and was negligent by failing to do so." *Id*. ¶¶ 9 & 10. *See also* Plaintiff's Supplemental Submission, dated November 8, 2012 ("Plaintiff's Supplemental Submission"), at 2 (the pharmacy defendants "were joined in this lawsuit because they filled the prescription in question for the Plaintiff, and although on notice by Defendant ENDO Pharmaceuticals or its subsidiaries to warn Plaintiff of a critical error, did not warn Plaintiff").

Defendants argue that there is no reasonable basis for predicting that the state law might impose liability on the facts involved for three reasons. First they argue that there is no post-sale duty to warn; second, the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-106 (the "Tennessee Middleman Statute"), shields the Pharmacists from liability; and third, Plaintiff fails to allege that the Pharmacists personally participated in any tortious conduct.

With regard to the post-sale duty to warn, Defendants have not met their burden. Citing an unpublished opinion, Defendants argue that it is "well-established that Tennessee does not recognize a manufacturer's post-sale duty to warn." Defendants then assert that the Court should

derive from this that a pharmacist would not have such a duty, relying on an unpublished opinion from a case out of the Southern District of Georgia.

However, Tennessee law is not clear cut on this issue of whether a pharmacist has a duty to warn of a critical error when the pharmacist has knowledge of the error. Tennessee law has recognized that under certain circumstances, a pharmacist does owe a customer a duty of care, and it is a question of fact as to the scope of that duty. *See Dooley v. Everett*, 805 S.W.2d 380, 385 (Tenn. Ct. App. 1990) (referring to state statutes the court stated that a "pharmacist is a professional who has a duty to his customer to exercise the standard of care required by the pharmacy profession in the same or similar community in which he practices his profession"); *see also Dubois v. Haykal,* 165 S.W.3d 634, 640 (Tenn. Ct. App. 2004) quoting *Dooley* at 386 ("once a duty has been established, the scope of the duty for a pharmacist is a question of fact."); *Pittman v. Upjohn Co.*, 890 S.W.2d 425, 435 (Tenn. 1994) (finding that a pharmacy/pharmacist has a duty to warn under some circumstances). In light of this case law, the Magistrate Judge cannot say that there is no reasonable basis for predicting that the state law might impose liability.

Defendants next point to Tennessee's Middleman Statute, which provides:

No product liability action, as defined in § 29-28-102, shall be commenced or maintained against any seller, other than the manufacturer, unless:

(1) The seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the alleged harm for which recovery of damages is sought;

(2) Altered or modified the product, and the alteration or modification was a substantial

factor in causing the harm for which recovery of damages is sought;

(3) The seller gave an express warranty as defined by title 47, chapter 2;

(4) The manufacturer or distributor of the product or part in question is not subject to

service of process in this state and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process; or

(5) The manufacturer has been judicially declared insolvent.

Tenn. Code Ann. § 29-28-106.  Defendants state that Plaintiff has failed to show that any exceptions apply here. However, Plaintiff's claim against the pharmacists appears to be one of simple common law negligence, rather than a product liability claim.

 "Because the key inquiry in all products liability cases is whether or not there is a defect, it is the product, and not the defendant's conduct, that is on trial." 63 Am Jur 2d Products Liability § 6. Here, in contrast, it is clear from Plaintiff's Complaint that the claim against the pharmacists is not with regard to the defective product, but rather, the allegation is, that upon notice of a recall, the pharmacists conduct in failing to contact Plaintiff was negligent. Tennessee's product liability law is not exclusive and does not preclude liability based on the alternative ground of negligence of the seller when it can be proven. *Corporate Air Fleet of Tennessee, Inc. v. Gates Learjet, Inc.*, 589 F.Supp. 1076 (6th Cir. 1984).  Accordingly, the Magistrate Judge does not believe that the Middle Man statute would bar this claim.[1]

---

[1] Arguably, even if this were a product liability claim, a Tennessee Court might find that the Middle Man statute did not apply under the facts of this case. The Tennessee Supreme Court has recently observed:

> This provision of the TPLA is based on the premise that most sellers "have little or no knowledge of or control over whether the products they sell may be dangerously defective" and generally "have no practical way to test products to discover hidden dangers." 2 M. Stuart Madden et al., Madden & Owen on Products Liability, § 19.1 (3d ed. 2000), available at MOPL 19:1 (Westlaw) [hereinafter MOPL 19:1]. As a result, courts traditionally held that a seller had no duty to inspect or test a product or warn consumers of latent defects "particularly . . . when the retail seller serves merely as a conduit of a product that arrives at the retailer in a pre-packaged condition" and therefore was shielded from liability "for negligence when selling goods in their original, sealed containers or packages." *Id*. This "general no-duty to inspect, test, or warn rule has exceptions in cases where the retail seller knows or has reason to know of the danger, in

Finally, Defendants argue that there is no reasonable basis to impose liability on the Pharmacists because under Tennessee law, a plaintiff must establish that the Pharmacist personally participated in the wrong. Defendants argue that there was no allegation that the Pharmacists were personally charged by their employer with the responsibility for notifying purchasers of the recall so as to breach any personal duty. However, as set forth above, Plaintiff has alleged that the Pharmacists were on notice of the error, and failed to warn her. This alleged failure to warn is the personal participation. And, as discussed *supra*, Tennessee law does recognize that pharmacists have a duty of care, and may have a duty to warn under certain facts. Accordingly, there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, and thus remand is appropriate.

In summary, the Magistrate Judge respectfully submits that Defendants have failed to meet their burden in establishing that the joinder of the Pharmacists was a subterfuge, and recommends that the case be remanded to state court.

Respectfully Submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **April 17, 2013**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

---

which situations the seller has a duty of reasonable care  to test, inspect, or warn." *Id.*; cf. *Gentry v. Hershey Co.*, 687 F. Supp. 2d 711, 721 (M.D. Tenn. 2010)

*Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 899 (Tenn. 2011). *See also* 2-12 Products Liability § 12.06 ("the pharmacist, as a seller, may be required to give an adequate warning of the product's danger to a consumer when the seller has knowledge or should have knowledge of the danger").